IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01538-PAB-CBS

ARLETTE CLARKE and
DYLAN CLARKE,

      Plaintiffs,

v.

NATIONAL PAYMENT RELIEF, LLC,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Motion to Vacate Default Judgment and Dismiss with Prejudice [Docket No. 21] filed by plaintiffs Arlette Clarke and Dylan Clarke.  On January 2, 2015, the Court granted plaintiffs' motion for default judgment against defendant National Payment Relief, LLC on plaintiffs' claim that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Docket No. 17.  Relevant factual background and the basis for the Court's entry of default judgment are set forth in the Court's order, *see id.*, and will not be recited here.

      After default judgment entered, plaintiffs reached a settlement agreement with a third party, who agreed to indemnify defendant for the acts that gave rise to this action.  Docket No. 21 at 1.  As part of the settlement, plaintiffs agreed to move the Court to vacate its entry of default judgment.  *Id.*

## I. ANALYSIS

"[T]here is a public policy in favor of the settlement of disputes and [] courts will honor this policy by facilitating settlement where appropriate."  *City of Aurora, Colo. v. PS Sys., Inc.*, No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010); s*ee also* Fed. R. Civ. P. 16, advisory committee's notes, 1983 amendment (amended in 1983 to include settlement negotiations as a purpose of pretrial conferences because "settlement [] eases crowded court dockets and results in savings to the litigants and the judicial system.").  However, vacatur works to "erase" a decision made, and hence, to attempt to limit its subsequent power.  *See In re Memorial Hosp. of Iowa Cty., Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988) ("History cannot be rewritten."); *see also Benavides v. Jackson Nat'l Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) ("Vacatur allows [parties] to control the direction and content of the jurisprudence–to weed out the negative precedent and preserve the positive–and create an artificially weighty and one-sided estimate of what comprises 'the case law.'").  Absent "extraordinary circumstances," a vacatur of an earlier ruling would not be justified based simply on the parties' settlement.  *See, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001); *In re Memorial Hosp. of Iowa Cty.*, 862 F.2d at 1300; *City of Aurora*, 2010 WL 2670819, at *1; *Polymasc Pharms., PLC., v. Alza Corp.*, 2004 WL 633256, at *1-2 (D. Del. Mar. 26, 2004); *Clever Devices, Ltd., v. Digital Recorders, Inc.*, 2004 WL 1265934, at *1 (N.D. Tex. June 3, 2004); *Vutek, Inc. v. Leggett & Platt, Inc.*, 2009 WL 3806368, at *1 (E.D. Mo. Nov. 12,  2009); *Benavides*,

820 F. Supp. at 1288 (adopting the plurality of circuits' reasoning that vacatur based on post-judgment settlement should be refused).

Plaintiffs ask the Court to vacate its default judgment order because they have reached a post-judgment settlement agreement with a third party which will indemnify defendant for its actions.  Docket No. 21 at 1.  The Court declines to do so.  Default judgments punish parties who fail to appear before the court, and promote justice by deterring such behavior.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  Allowing a party against whom default judgment was entered to evade such judgment by reaching a post-judgment settlement would undermine the Court's authority to ensure that litigants appear to defend claims brought against them. Moreover, a judicial opinion is a public act of government that parties cannot expunge through a private agreement.  *In re Memorial Hosp. of Iowa Cty.*, 862 F.2d at 1300. "[S]uch a practice [would] come dangerously close to engendering improper advisory opinions by courts, [and] might also encourage inefficiencies through repetitive litigation."  *City of Aurora*, 2010 WL 2670819, at *1.  The Court, therefore, declines to vacate its entry of default judgment.

## II. CONCLUSION

For the foregoing reasons, it is

3

**ORDERED** that plaintiffs' Motion to Vacate Default Judgment and Dismiss with Prejudice [Docket No. 21] is **DENIED**.

DATED February 11, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge